**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>RYAN TODD STEARNS,<br><br>    Defendant. | **No. 08-CR-4064-DEO**<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION CONCERNING GUILTY PLEA** |

### I. INTRODUCTION AND BACKGROUND

On June 26, 2008, a two count Indictment (Docket No. 2) was returned in the above-referenced case.

Count 1 of the Indictment charges that from about January 2005, through about January 2007, in the Northern District of Iowa and elsewhere, the defendant, RYAN TODD STEARNS, did knowingly and unlawfully combine, conspire, confederate, and agree with other persons, known and unknown to the United States,

    (1) to manufacture and distribute 50 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

    (2) to distribute 50 grams or more of actual (pure)

methamphetamine, a Schedule II controlled substance, within 1000 feet of the Okoboji Elementary, Middle, and High Schools located in Okoboji, Dickinson County, Iowa, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 860(a).

(3) to distribute pseudoephedrine, a List I chemical, knowing and having reasonable cause to believe that the pseudoephedrine would be used to manufacture methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(2); and

(4) to possess pseudoephedrine, a List I chemical, with intent to manufacture methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1).

This was in violation of Title 21, United States Code, Sections 846.

Count I contains a forfeiture allegation which states:

> Upon conviction of one or more of the controlled substance offenses alleged in Count 1 this Information [sic], defendant RYAN TODD STEARNS, shall forfeit to the

United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner, or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

MONEY JUDGMENT

A sum of money equal to $20,000 in United States currency, representing the amount of proceeds generated from illegal activity.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

1) cannot be located upon the exercise of due diligence;

2) has been transferred or sold to, or deposited with, a third party;

3) has been placed beyond the jurisdiction of the court;

4) has been substantially diminished in value; or

5) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the foreitable property described above.

Count 2 of the Indictment charges that between about January 2005, through about January 2007, in the Northern District of Iowa and elsewhere, the defendant Ryan Todd Stearns, traveled on one or more occurrences, including but not limited to the following:

| Date | Location |
|---|---|
| 07/26/2005 | Sioux Falls, South Dakota |
| 09/10/2005 | Worthington, Minnesota |
| 03/21/2006 | Worthington, Minnesota |
| 06/08/2006 | Sioux Falls, South Dakota |
| 07/05/2006 | Sioux Falls, South Dakota |
| 07/05/2006 | Worthington, Minnesota |
| 07/10/2006 | Sioux Falls, South Dakota |
| 07/31/2006 | Worthington, Minnesota |
| 09/10/2006 | Worthington, Minnesota |
| 09/29/2006 | Worthington, Minnesota |
| 10/20/2006 | Sioux Falls, South Dakota |
| 10/20/2006 | Worthington, Minnesota |
| 11/06/2006 | Sioux Falls, South Dakota |

in interstate commerce and aid and abet travel in interstate commerce from Iowa to and from Minnesota and South Dakota, with intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is a business enterprise involving the manufacture and distribution of controlled substances, in violation of Title 21, United States Code, Sections 841 and 846, and thereafter performed and attempted to perform acts to promote, manage, establish, and

4

carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All in violation of Title 18, United States Code, Section 1952(a)(3).

On January 23, 2009, defendant Ryan Todd Stearns appeared before Chief United States Magistrate Judge Paul A. Zoss and entered pleas of guilty to Counts 1 and 2 of the Indictment. In the Report and Recommendation (Docket No. 28, 01/23/2009), Chief United States Magistrate Judge Paul A. Zoss recommends that defendant Ryan Stearns's guilty pleas be accepted. No objections to Judge Zoss's Report and Recommendation were filed. The Court, therefore, undertakes the necessary review to accept defendant Ryan Stearns's plea in this case.

## II. ANALYSIS

### A. Standard of Review

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

In this case, no objections have been filed, and it appears to the Court upon review of Chief Magistrate Judge Zoss's findings and conclusions that there are no grounds to reject or modify them.

**IT IS THEREFORE HEREBY ORDERED** that this Court accepts Chief Magistrate Judge Zoss's Report and Recommendation (Docket No. 28), and accepts defendant Ryan Stearns's pleas of guilty in this case to Counts 1 and 2 of the Indictment filed on June 26, 2008, (Docket No. 2).

6

**IT IS SO ORDERED** this 18th day of February, 2009.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa